**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHAWN A. RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-855 KAJ |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY OF |
| INLAND PAPERBOARD | ) | TWELVE DEMANDED |
| AND PACKAGING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO AMEND THE COMPLAINT**

NOW COMES the Plaintiff, by and through undersigned counsel, and Moves this Honorable Court to grant leave to amend his Complaint. In support of this Motion, the Plaintiff states as follows:

1. This is an action alleging, among other things, racial discrimination by Inland Paperboard and Packaging, Inc. (Inland), against Shawn A. Russell (Mr. Russell).

2. The action was filed *pro se* by Mr. Russell on July 13, 2004, on a form provided by the Clerk of the Court. The Plaintiff did not have the assistance of an attorney in drafting the Complaint.

3. The Complaint may be construed as failing to assert a number of claims that appear to be valid. For example, Plaintiff could have but did not assert any claims arising under Delaware law. Plaintiff failed to allege a claim arising from the prolonged, severe racially motivated harassment suffered at the hand of his Inland employer. Plaintiff failed to allege a breach of his employment contract by Inland. Plaintiff failed to include a request for punitive damages, which appear to be warranted. If Plaintiff were permitted to include such claims now, he would likely prevail on such claims at trial.

4. The existing Complaint is not as clear as it could be in several respects. For instance, the prayer for relief asks only that the fees and costs associated with the action be waived. If not amended, it could be argued that the prayer for relief is defective in failing to request an award of money damages.

5. The Amended Complaint that Plaintiff now seeks to have docketed alleges all causes of action that should be brought against Inland for its discriminatory conduct, and requests all relief that is justly due to the Plaintiff.

6. Pursuant to D. Del. LR 15.1, attached as Exhibit A is the proposed Amended Complaint and a copy. Please note that there is no form of the Amended Complaint attached hereto that indicates by bracketing or underlining the manner in which it differs from the original Complaint. Such a form would not reasonably be possible given the limitations of the original pleading, and the fact that the original pleading incorporates by reference at paragraph 12 a copy of the charges filed with the Equal Employment Opportunity Commission. However, failure to comply with Rule 15.1 is not grounds to deny this Motion, and Plaintiff respectfully requests that his Amended Complaint be exempted from the bracketing/underlining requirement.

7. At this time, Plaintiff may amend his Complaint only by leave of the Court or by written consent of the adverse party. Federal Rule of Civil Procedure 15(a). Plaintiff has attempted to secure the written consent of the adverse party. Plaintiff provided a copy of his proposed Amended Complaint to counsel for Defendant on March 10, 2005 and requested the Defendant's position on the proposed amendment. At the time of filing this Motion, undersigned counsel has not yet learned Defendant's position on the proposed Amended Complaint.

8. In any event, without regard to Defendant's position, Rule 15(a) states that

leave to amend "shall be freely given when justice so requires." Plaintiff respectfully submits that justice does now so require the requested amendment of the Complaint.

9. The Amended Complaint relates back to the date of the original Complaint because the additional claims asserted arose from the same transaction or occurrence set forth or attempted to be set forth in the original Complaint.

WHEREFORE, Plaintiff requests leave to Amend the Complaint.

SCHWARTZ & SCHWARTZ

By: /s/ Benjamin A. Schwartz

BENJAMIN A. SCHWARTZ
Delaware Bar ID No. 4145
1140 South State Street
Dover, Delaware 19901
(302) 678-8700
mail@benschwartz.com

Dated: April 14, 2005