IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHAWN A. RUSSELL,                    :

        Plaintiff,                  :

                        :     C.A. No. 04-855 KAJ

        v.                         :

INLAND PAPERBOARD                    :
AND PACKAGING, INC.                  :

        Defendant.                  :


**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT**


Defendant, Inland Paperboard and Packaging, Inc. ("Inland"), opposes Plaintiff's motion to amend his original complaint. As more fully discussed below, the proposed amended complaint attempts to introduce new claims into this case that are not within the scope of the operative charge of discrimination Plaintiff filed with the EEOC, and upon which his original complaint is based. Furthermore, the proposed amended complaint alleges claims that were the subject of an earlier EEOC charge Plaintiff filed, but for which Plaintiff never filed suit after the EEOC issued its right-to-sue letter. Finally, the proposed amended complaint alleges new state law causes of action that are barred by the applicable statute of limitations.

Thus, because the new claims in the proposed amended complaint fail as a matter of law upon even a cursory analysis, the motion to add these new claims should be denied.

I.  BACKGROUND

Plaintiff has filed two EEOC race discrimination charges against Inland.  However, his original complaint in this case was filed 474 days after issuance of the right-to-sue letter from the EEOC relating to the first charge, and thus the claims he raised in that first charge cannot now be made a part of this lawsuit.  Following is a brief chronology of the Plaintiff's two EEOC charges:

- July 10, 2001 – Plaintiff files his first charge of discrimination with the EEOC, Charge No. 17CA10318 (the "First Charge"), alleging race discrimination in promotion, harassment, and disparate treatment in promotions. [Copy of First Charge attached as Exhibit "A"]

- January 13, 2003 – Plaintiff files his second charge of discrimination with the EEOC, Charge No. 17CA300189 (the "Second Charge"), alleging only retaliation based on his filing of the First Charge.  [Copy of Second Charge attached as Exhibit "B"]

- March 26, 2003 – EEOC issues "Notice of Right to Sue" letter with respect to the First Charge. [Copy of Notice of Right to Sue attached as Exhibit "C"]

- June 14, 2004 – EEOC issues "Notice of Right to Sue" letter with respect to the Second Charge.  [Copy of Notice of Right to Sue attached as Exhibit "D"]

- July 14, 2004 – Plaintiff files this lawsuit against Inland

The above chronology demonstrates that the time between issuance of Plaintiff's right to sue notice on the First Charge and his filing of this lawsuit was 474 days.  This action is the only lawsuit Inland has ever received filed by or on behalf of Plaintiff.

## II. INLAND'S RESPONSE TO THE NUMBERED PARAGRAPHS IN PLAINTIFF'S MOTION

Inland responds to the numbered paragraphs in Plaintiff's motion as follows, numbering the paragraphs in its response to correspond to the numbered paragraphs in Plaintiff's motion:

1.    Inland acknowledges that Plaintiff's original complaint alleges race discrimination under Title VII. However, as is set forth in Inland's answer, the complaint does not include a copy of the underlying charge of discrimination, and is otherwise deficient in terms of identifying specific allegations of discrimination. The original complaint does not allege any state law claims (breach of contract, intentional infliction of emotional distress), and does not allege retaliation. Furthermore, neither the original complaint nor the proposed amended complaint include a copy of the charge of discrimination upon which this complaint is based.

2.    Inland acknowledges that Mr. Russell filed the original complaint *pro se*, but has no knowledge whether he had assistance of counsel in preparing the complaint.

3.    Inland denies any suggestion that the claims identified in this paragraph are valid, or that Mr. Russell would prevail upon them at trial, and reserves all available defenses. Inland objects to Mr. Russell raising the allegations in Counts I and IV of the Amended Complaint, as the same are untimely and fall outside the scope of the original complaint and the Charge of Discrimination. Inland further objects to Mr. Russell raising the allegations of Count V, as being untimely and outside of the applicable statute of limitations.

4.    Inland acknowledges that the original complaint is unclear, but objects to the extent Mr. Russell now seeks to add claims that are untimely, or are outside the scope of the original complaint and/or the charge of discrimination.

5.    Denied to the extent this averment implies that Inland is in any way liable to Mr. Russell for damages, in whatever form, as a result of his employment with or any actions taken by Inland. In land further objects to the extent Mr. Russell now seeks to add claims that are untimely, or are outside the scope of the original complaint and/or the charge of discrimination.

6.    Inland takes no position on the issue of compliance with the bracketing/underlining requirement of Rule 15.1.  However, Inland does object to the extent the underlying charge of discrimination, which is not referenced in the amended complaint as stated in Mr. Russell's motion, is not included as an exhibit to either the original or the amended complaint.  This objection extends to any claims now sought to be raised that exceed the scope of the original complaint and/or the charge of discrimination, or are untimely.

7.    Inland acknowledges that there were delays in communication between counsel, but asserts that, in light of Inland's position on the proposed amended complaint, this motion would have to have been filed.  Subsequent to the filing of this Motion, Counsel have conferred regarding the substance of the amended complaint, in an attempt to resolve the issues raised in this Response.

8.    Inland objects to the proposed amendment as set forth above, and in more detail below, to the extent the allegations sought to be raised at this time exceed the scope of the original complaint and/or the charge of discrimination, or are untimely.

9.    Regardless of the "relation back" allowed by Rule 15, to the extent the issues raised in the proposed amended complaint exceed the scope of the original complaint, and/or the scope of the Second Charge, or are otherwise untimely, they should be stricken.

III.  ADDITIONAL ARGUMENT BY INLAND

This operative charge of discrimination in this case can only be the Second Charge because Plaintiff failed to file a timely lawsuit based upon the right to sue notice issued on the First Charge.  As the original complaint in this action was not filed until July 17, 2004, over a year after the Right-to-Sue notice on the First Charge, the claims in the First Charge (racial harassment and failure to promote), are untimely as a matter of law and should be part of this case.

The Second Charge claims only retaliation and nothing more.  While Inland does not contest that Plaintiff filed this action within 90 days of issuance of the right to sue notice on the Second Charge, only the claims in that charge are properly before the Court in this action.  However, Plaintiff asks this Court to permit him to assert claims under Title VII that were not in the Second Charge, including his proposed new Count I (alleging harassment apparently going back to 1993), and Count IV (alleging failure to promote).  As these claims are beyond the scope of the Second Charge, which is the only operative charge in this litigation, these claims fail as a matter of law and Plaintiff should not be permitted to add them to this lawsuit.

Upon receipt of a Right-to-Sue letter the claimant has90 days to file suit in court, otherwise his right to sue based upon that specific charge will be lost.  This language is not merely contained in the statute, it is set forth directly, and in bold type, upon the face of the Right-to-Sue letter.

The facts here are clear and unambiguous.  Mr. Russell received a Right-to-Sue letter based upon the First Charge and elected not to file suit.  He then received, over a year later, the right to sue notice based upon the Second Charge.

5

With regard to Mr. Russell's claim of Intentional Infliction of Emotional Distress, there is nothing contained in the retaliation charge that sets forth "extreme and outrageous" conduct. This claim is subject to Delaware's statute of limitations on personal injuries, 10 *Del.C.* §8119, which limits such claims to two years from the date upon which it is claimed such injuries were sustained. Accordingly, to the extent the alleged incidents upon which this claim is raised occurred outside of this two year period, this claim should be denied.

For actions under Section 8119, the statute of limitations begins to run when the harmful effect of the alleged negligence first manifests itself and becomes physically ascertainable. *Greco v. University of Del.*, 619 A.2d 900 (Del. 1993). The limitation of Section 8119 begins to run at the time the injuries are sustained, not when their full extent is known. *Chrisco v. Shafran*, 525 F.Supp. 613 (D.Del. 1981). Mr. Russell's amended complaint fails to allege when the events that lead to his "emotional distress" began, or when they first manifested themselves in some physical form. As his initial charge was filed in July 2001, and his claims for "emotional distress" are predicted upon the events alleged in that charge, he was clearly aware of the effects of the alleged conduct well before the two year period allowed by Section 8119. Accordingly, this claim should be stricken.

WHEREFORE, Defendant Inland Paperboard and Packaging, Inc. respectfully requests that an Order be entered, in the form attached hereto, allowing Plaintiff Sawn Russell to amend his complaint to include Counts II and III only.

TIGHE, COTTRELL & LOGAN, P.A.

By: ____ /s/ G. Kevin Fasic
         G. Kevin Fasic, Esquire
         First Federal Plaza, Suite 500
         P.O. Box 1031
         Wilmington, DE 19899
         (302) 658-6400
         Attorney for Defendant
         Inland Paperboard and Packaging, Inc.

Dated:

# EXHIBIT "A"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

| ENTER CHARGE NUMBER |
|---|
| ++ |
| ++ FEPA 0107234 |
| ++ |
| -+ EEOC 17CA10318 |

Delaware Department of Labor                                                    and EEOC

(State, or local Agency, if any)

NAME (Indicate Mr., Mrs., Ms)
Mr. Shawn Russell

HOME TELEPHONE NO. (Include Area Code)
(302) 736-8687

STREET ADDRESS          CITY, STATE AND ZIP CODE          COUNTY
1189 Madison Court, Dover, DE 19904          Kent

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one, list below.)

NAME
Inland Paper Board and Packaging

NO. OF EMPLOYEES OR MEMBERS  20+

TELEPHONE NUMBER (Incl. Area Code) (302) 398-4211

STREET ADDRESS          CITY, STATE AND ZIP CODE
17507 S. Dupont Highway, Harrington, DE 19952

NAME

TELEPHONE NUMBER (Include Area Code)

STREET ADDRESS          CITY, STATE AND ZIP CODE

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE

[ ] RETALIATION  [ ] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST 2000
LATEST 6/1/01

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I. I began my employment with Respondent on November 31, 1993. I am an individual whose race is black. Respondent currently employs me as a Toter in the Stripping Department. Since 2000, I have been passed over for promotion on many occasions with the most recent incident occurring on or about March 1, 2001. Also, I have been subjected to a hostile work environment by Supervision, to the extent that I have been taken out of work as of June 1, 2001, by my physician due to the constant harassment.

II. Respondent has never provided a reasonable explanation for its actions.

III. I believe that I have been discriminated against based upon my race (black) because:

1. Respondent has consistently passed over me for promotional opportunities and awarded promotions to less qualified white individuals. Respondent employs very few people of my race (black). Respondent has only one black individual employed in a position of authority.

2. I have been harassed by and, subjected to disparate treatment with regard to discipline, by members of upper management, specifically Donnie Gray, John Healy, Jim Hayward, and Ronnie Gray. To my knowledge these individuals do not subject white employees to derogatory comments, make white employees perform menial job tasks, or inappropriately discipline white employees.

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

Date 7-10-01  Charging Party (Signature) Shawn A. Russell

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

EEOC FORM 5    PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED    REV 6/92

# EXHIBIT "B"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974

| ENTER CHARGE NUMBER |
| --- |
| ☐ FEPA 0301837 |
| ☐ EEOC 17CA300189 |

**Delaware Department of Labor** and **EEOC**

(State, or local Agency, if any)

| NAME (Indicate Mr., Mrs., Ms) | HOME TELEPHONE NO. (Include Area Code) |
| --- | --- |
| Mr. Shawn A. Russell | (302) 672-7822 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| --- | --- | --- |
| 1189 Madison Court | Dover DE 19901 | Kent |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (*if more than one, list below.*)

| NAME | NO. OF EMPLOYEES OR MEMBERS | TELEPHONE NUMBER (Incl. Area Code) |
| --- | --- | --- |
| Inland Paper Board and Packaging | 100+ | (302) 398-4211 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
| --- | --- |
| 17507 South Dupont Highway, Dover, DE 19901 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
| --- | --- |
| N/A | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
| --- | --- |
| | |

| ☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN ☐ AGE<br>☒ RETALIATION    ☐ DISABILITY    ☐ OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST    8/01/01<br>LATEST    1/13/2003<br>☒ CONTINUING ACTION |
| --- | --- |

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s):

I. I am a current employee of Respondent. On or about July 10, 2001, I filed a Charge of Discrimination alleging that Respondent had violated Title VII of the Civil Rights Act of 1964, as amended, and the Delaware Discrimination Employment Act, as amended, because I was being discriminated against based on my race. Respondent received notice of the Charge on or about August 1, 2001. Consequently, I was immediately subjected to escalating disciplinary action.

II. Respondent did not provide any explanation.

III. I believe that I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Delaware Discrimination in Employment Act, as amended, because I was retaliated against when I was constantly harassed and subjected to oversupervision by John Hilly, Don Gray, and Robin Sheppard. These supervisors also instructed other employees to watch me, and assigned me to less desirable tasks. I also believe that I was retailated against when I was reassigned to another position without receiving the same increase in pay as the other employees. In addition, I believe that Respondent violated these Acts when they failed to ensure that I was not harassassed by other supervisors and employees after I filed a charge of discrimination. In addition to the hostile and offensive environment of which I initially complained, I am now blamed for any adverse action that occurs and labled a trouble maker. I waited to file retaliation charges because I thought that my situation would improve; however, it has gotten worse.

| ☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SIGNATURE OF COMPLAINANT |
| --- | --- |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>X *Shawn A. Russell*  1-13-03<br>Date                    Charging Party (Signature) | NOTARY - (When necessary to meet State and Local Requirements)<br><br>Subscribed and sworn to before me this date    (Day, month, and year) |

EEOC FORM 5
REV 6/92         PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

# EXHIBIT "C"

## U.S. ~~UAL~~ EMPLOYMENT OPPORTUNITY ~~CO~~SSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Shawn Russell
1189 Madison Court
Dover, DE 19904

From: Equal Employment Opportunity Commission
Philadelphia District Office
The Bourse
21 S. Fifth Street, Suite 400
Philadelphia, PA   19106-2515

[      ]    *On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17CA10318 | Legal Unit | 215-440-2828 |

### NOTICE TO THE PERSON AGGRIEVED:

*(See also the additional information attached to this form.)*

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ x ]    More than 180 days have passed since the filing of this charge.

[    ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ x ]    The EEOC is terminating its processing of this charge.

[    ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[    ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[    ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Marie M. Tomasso, District Director

March 26, 2003

*(Date Mailed)*

Enclosure(s)

Information Sheet

cc:   William D. Hewett, Respondent's representative





RECEIVED

MAR 31 2003

# EXHIBIT "D"

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Shawn A. Russell
1189 Madison Ct.
Dover, DE 19901

From: Equal Employment Opportunity Commission
Philadelphia District Office
21 South Fifth Street
Philadelphia, PA 19106-2515

[    ]    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17C-2003-00189 | Legal Unit | 215-440-2828 |

*(See also the additional information attached to this form.)*

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]    More than 180 days have passed since the filing of this charge.

[    ]    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]    The EEOC is terminating its processing of this charge.

[    ]    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[    ]    The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[    ]    The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Marie M. Tomasso, District Director

June 14, 2004
*(Date Mailed)*

Enclosure(s)

cc:    Inland Paper Board & Packaging