**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHAWN A. RUSSELL, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-855 KAJ |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY OF |
| INLAND PAPERBOARD | ) | TWELVE DEMANDED |
| AND PACKAGING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

NOW COMES the Plaintiff, Shawn A. Russell (Mr. Russell), and replies to Defendant's Opposition to Plaintiff's Motion to Amend the Complaint as follows:

1. Defendant does not object to Plaintiff's request that this matter be set for a jury trial. Defendant does not object to an amendment of the Complaint to include Counts II and III in the proposed Amended Complaint.

2. Defendant does object to the addition of Counts I. Harassment, Count IV. Failure to Promote, and Count V. Intentional Infliction of Emotional Distress (IIED). The basis for Defendant's objection is that (a) the additional counts are beyond the scope of the January 13, 2003 Charge of Discrimination attached to Defendant's Opposition as Exhibit "B", (b) the proposed amendment will be based on facts that formed the basis for a previous Charge of Discrimination where Plaintiff did not file a lawsuit, and (c) the Delaware statute of limitations bars the IIED Count.

3. The proposed counts are not beyond the scope of Plaintiff's January 13, 2003 Charge of Discrimination. The proposed Count I. arises from racially-motivated

harassment. The January 13, 2003 Charge of Discrimination alleges in paragraph III. of the particulars section that, "I was retailated [sic] against when I was constantly harassed and subjected to oversupervision by John Hilly [sic], Don Gray, and Robin Sheppard. . . . In addition, I believe that Respondent violated these Acts when they failed to ensure that I was not harassassed [sic] by other supervisors and employees after I filed a charge of discrimination." The proposed Count IV. alleges that Defendant failed to promote Plaintiff. The January 13, 2003 Charge of Discrimination alleges in paragraph III. of the particulars section, "I also believe that I was retailated [sic] against when I was reassigned to another position without receiving the same increase in pay as the other employees."

    4. The fact that there was a previously-issued Right to Sue letter on which Plaintiff failed to file suit should not preclude him from filing suit after the later-issued Right to Sue letter. To invoke the jurisdiction of this Court, Plaintiff must file a Charge of Discrimination with the EEOC and obtain a Right to Sue letter. Whether the administrative agency investigating the charge of discrimination ought to look back to facts alleged in a previous Charge of Discrimination is not an issue that this Court need consider.

    5. The Delaware Statute of Limitations on actions for personal injuries, 10 Del.C. Sec. 8119, does not bar the Plaintiff's IIED claim. Plaintiff's IIED claim relates back to the date on which his initial complaint was filed, July 13, 2004. He alleges that he suffered extreme emotional distress as a result of the wrongful behavior of the defendant leading up to and including his April 1, 2003 termination. July 13, 2004 is not more than two years after April 1, 2003.

    6. Counsel believes that Mr. Russell attached a copy of the operative Charge of

Discrimination to the pro se complaint he filed with this Court.

WHEREFORE, Plaintiff respectfully requests that the Court grant the proposed form of Order submitted with his Motion to Amend the Complaint.

SCHWARTZ & SCHWARTZ

By: /s/ Benjamin A. Schwartz

BENJAMIN A. SCHWARTZ
Delaware Bar ID No. 4145
1140 South State Street
Dover, Delaware 19901
(302) 678-8700
mail@benschwartz.com

Dated: May 4, 2005