IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHAWN A. RUSSELL, | : | |
| | : | |
| Plaintiff, | : | C.A. No. 04-855 KAJ |
| | : | |
| v. | : | |
| | : | |
| INLAND PAPERBOARD AND PACKAGING, INC., | : | |
| | : | |
| Defendant. | : | |

**ANSWER TO AMENDED COMPLAINT**

NOW COMES, Defendant, Inland Paperboard and Packaging, Inc. ("Inland"), by and through its undersigned counsel, and answers Plaintiff's amended complaint as follows:

1. Denied that Inland has violated plaintiff's civil rights, or that it has engaged in an unlawful or discriminatory conduct or employment practices. Further denied that inland is in any way liable to plaintiff for any damages whatsoever.

**PARTIES**

2. Admitted as to the averments concerning plaintiff individually, and that he was employed by Inland from September 1993 through April 2003. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

3. Admitted.

4. Admitted only that Inland operated a manufacturing facility in Harrington, Delaware until April 2004.

5. Admitted only through April 2004.

## JURISDICTION AND VENUE

6. Admitted only that jurisdiction in this court is proper. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

7. Admitted only that venue in this court is proper. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

## ADMINISTRATIVE PREREQUISITES

8. Denied as a conclusion of law to which no answer is required. Specifically denied as follows:

    A. Admitted only that plaintiff filed a charge with the Delaware Department of Labor prior to initiating this action;

    B. Inland is without knowledge or information to answer this allegation and so denies;

    C. Inland is without knowledge or information to answer this allegation and so denies;

    D. Admitted only that the EEOC caused to be issued a Right-to-Sue notice prior to the filing of the original complaint but denied as to the date identified;

    E. Admitted only that plaintiff filed a *pro se* complaint on or about the date identified.

    The balance of the allegations contained in this paragraph are denied.

9. Denied as a conclusion of law to which no answer is required.

10. Admitted.

11. Denied as stated. Plaintiff was terminated by Inland on or about the date identified. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

## COUNT I - BREACH OF CONTRACT

12. Inland repeats and re-alleges the responses to paragraphs 1 through 11, above, as if set forth herein in full.

13. Admitted only that Inland had an employee handbook that operated to explain policies and establish guidelines for behavior to its employees. Denied that said handbook "governed" the employment relationship between plaintiff and Inland, or that said handbook can in any way be construed as an "agreement" or "contract" between Inland or its employees, including plaintiff. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

14. Denied as a conclusion of law to which no answer is required.

15. Denied as a conclusion of law to which no answer is required.

16. Denied as a conclusion of law to which no answer is required.

17. Denied as stated; Inland's handbook speaks for itself. Denied that Inland permitted racial harassment at its Harrington, Delaware facility. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

18. Denied as stated; Inland's handbook speaks for itself. Denied that Inland failed or refused to provide appropriate training to its employees. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

19. Denied as stated; Inland's handbook speaks for itself. Denied that Inland failed or refused to investigate or take corrective action with regard to plaintiff, and further denied that plaintiff suffered any harassment while employed by Inland. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

20. Denied as a conclusion of law to which no answer is required.

### COUNT II - RETALIATION

21. Inland repeats and re-alleges the responses to paragraphs 1 through 20, above, as if set forth herein in full.

22. Denied as stated. Inland is unaware of any specific complaints allegedly made by plaintiff and so denies. Inland reserves the right to amend this response as discovery warrants. Further denied that Inland's facility had a "racially charged atmosphere" or that any "discriminatory employment practices" occurred at said facility. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

23. Denied as stated. Inland is unaware of any alleged attempt by plaintiff to contact a "long distance toll free number" and so denies. Inland reserves the right to amend this response as discovery warrants. Denied to the extent the employee handbook speaks for itself. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

24. Denied. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

25. Denied as stated. Admitted only that plaintiff filed a Charge of Discrimination with the Delaware Department of Labor on or about the date specified, but denied to the extent said Charge has any relevancy on the case at hand. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

26. Denied as stated. Inland has no knowledge or information regarding the "purpose" for plaintiff's 2001 Charge and so denies. Denied to the extent this paragraph implies that any "discriminatory practices or environment" existed at Inland's Harrington, Delaware facility. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

27. Denied to the extent that any determination or decision by the Delaware Department of Labor has any bearing or impact upon the instant case, or that such determination or decision is in any way admissible to this case. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

28. Denied as stated. Denied to the extent this paragraph alleges or implies any liability on the part of Inland. Specifically denied as follows:

    A. Denied;

    B. Denied. Specifically denied as follows:

        i. Denied as stated;

        ii. Denied as stated;

        iii. Denied as stated;

        iv. Denied as stated;

    It is specifically denied that Inland engaged in any retaliatory conduct towards

plaintiff.

C. Denied.

D. Denied as stated. Further denied that any of the allegations made in plaintiff's 2003 Charge of Discrimination establish a claim of retaliation, or that Inland is in any way liable for the same. The allegations contained in plaintiff's 2003 Charge of Discrimination are similarly denied. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

29. Denied.

30. Denied as a conclusion of law to which no answer is required.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Inland repeats and re-alleges the responses to paragraphs 1 through 30, above, as if set forth herein in full.

32. Denied as a conclusion of law to which no answer is required.

33. Denied as a conclusion of law to which no answer is required.

34. Inland is without knowledge or information to respond to this paragraph and so denies. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

## PRAYER FOR RELIEF

35. Denied as a conclusion of law to which no answer is required. Denied to the extent this paragraph alleges or implies any liability on the part of Inland.

WHEREFORE, Defendant Inland Paperboard and Packaging, Inc. demands judgment in its favor and against Plaintiff Shawn A. Russell on all counts of this Amended Complaint, with an award of all reasonable costs and expenses of this action, including reasonable counsel and expert fees, and such further relief as this Court deems just and equitable.

        TIGHE, COTTRELL & LOGAN, P.A.


        By:   /s/ G. Kevin Fasic
             G. Kevin Fasic, Esquire
             First Federal Plaza, Suite 500
             P.O. Box 1031
             Wilmington, DE 19899
             (302) 658-6400 - Telephone
             (302) 658-9836 - Facsimile
             Attorney for Defendant
             Inland Paperboard and Packaging, Inc.

Dated: