# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

Shawn A. Russell

v.

Inland Paperboard and Packaging, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number 04-855 KAJ

**TO:** Dr. Frank Everett
F.H. Everett & Associates
717 Walker Road
Dover, DE 19904

☐ **YOU ARE COMMANDED** to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

**Deponent is to produce a copy of the entire medical file, including but not limited to all medical records, reports, correspondence, progress and nurses notes, laboratory and diagnostic tests regarding the care and treatment of Shawn A. Russell, DOB: 10/20/1974; Social Security #: 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.**

| PLACE: | DATE AND TIME: |
|---|---|
| Tighe, Cottrell & Logan, P.A.<br>704 N. King Street, P.O. Box 1031<br>First Federal Plaza, Suite 500<br>Wilmington, DE 19801 | September 14, 2005 |

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. *Federal Rules Civil Procedure, 30(b)(6).*

REQUESTING PARTY'S NAME, ADDRESS AND PHONE NUMBER
G. Kevin Fasic, Esquire, Attorney for Defendant Inland Paperboard and Packaging, Inc.
Tighe Cottrell & Logan, P.A.
P.O. Box 1031, Wilmington, DE 19899
302-658-6400

ISSUING PARTY'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)
DATE: 8/31/2005

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

| PROOF OF SERVICE | | | |
|---|---|---|---|
| SERVED | DATE September 1, 2005 2:05 p.m. | PLACE | F.H. Everett & Associates 717 Walker Road Dover DE 19904 |
| SERVED ON (PRINT NAME) Dr. Frank Everett service accepted by Laura Smith | | MANNER OF SERVICE | Subpoena |
| SERVED BY (PRINT NAME) Edward Jones | | TITLE | Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 9/1/05
DATE

SIGNATURE OF SERVER: Edward Jones I

ADDRESS OF SERVICE: 32 Loockerman St Suite 109 Dover DE 19904

Rule 45, Federal Rules Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less that 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspections and copying commanded.

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to  travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena need for the testimony or material that cannot by otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## AUTHORIZATION FOR MEDICAL INFORMATION

TO WHOM IT MAY CONCERN:

I, __Shawn Russell__, the undersigned, hereby authorize the use or disclosure of health information about me as described below:

1. Representatives or attorneys from Tighe, Cottrell & Logan, P.A., are authorized to make the requested use or disclosure.

2. The specific information that should be disclosed is: all medical records, hospital records, and other medical statements that may be requested pertaining to findings, treatments, and opinions as to my medical condition.

3. I understand that the information used or disclosed by be subject to re-disclosure by the person or class of persons or facility receiving it, and would then no longer be protected by federal privacy regulations, including but not limited to privacy regulations under the Health Insurance Portability and Accountability Act (HIPAA).

4. I may revoke this authorization by notifying Tighe, Cottrell & Logan, P.A., in writing of my desire to revoke it. However, I understand that any action already taken in reliance on this authorization can not be reversed, and my revocation will not affect those actions. I understand that the medical provider to whom this authorization is furnished may not condition its treatment of me on whether or not I sign the authorization.

5. This authorization expires upon the conclusion of the litigation that relates to the purpose of the intended use or disclosure of information about me.

6. A photostatic copy of this authorization shall be considered as true and valid as the original.

DATE: __8-26-05__

_[signature: Shawn A. Russell]_

Social Security No. __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__

Date of Birth: __10-20-74__

WITNESS:

_[signature: Janice A. Gallagher]_

TOTAL P.08